UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVJOT SINGH,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN DAVID HOLBROOK,<br><br>          Respondent. | Case No. 21-cv-03351-HSG<br><br>**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 2, 3 |

Petitioner, an inmate at Chuckawalla State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Also pending before the Court is Petitioner's request for appointment of counsel. Dkt. No. 3. Petitioner's request to proceed *in forma pauperis* is GRANTED. Dkt. No. 2.

**BACKGROUND**

According to the petition, on December 16, 2016, Petitioner was sentenced to 30 years to life, consecutive to three years, after being convicted by a Santa Clara County jury of rape and other crimes. Dkt. No. 1 at 1. Petitioner unsuccessfully appealed his conviction to the state appellate court, and the California Supreme Court denied his petition for review. Dkt. No. 1 at 2. Petitioner does not report having filed any state habeas petition. Dkt. No. 1 at 3.

//

---

[1] The Clerk of the Court is directed to substitute Warden David Holbrook in place of the previously named respondent because Warden Holbrook is Petitioner's current custodian. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition typically is warden of facility in which petitioner is incarcerated).

# DISCUSSION

## A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Claims

Liberally construed, the petition appears to state the following cognizable claims for federal habeas relief: (1) insufficient evidence to support the kidnapping conviction (Cal. Penal Code §§ 208, 209, 209.5, 667.61(b),(e), 667.8); (2) ineffective assistance of trial counsel for failure to seeking admission of a statement made by the victim that was relevant to the issue of consent; (3) the trial court erred in excluding evidence that the victim had stated that she was "going to get laid" before she left the residence; (4) the trial court erred in excluding expert testimony regarding whether the victim blacked out or was unconscious; (5) the trial court erred in excluding evidence that the victim had falsely accused her ex-husband Joel Levya of using violence against her; and (6) the trial court erred in refusing to allow impeachment of the victim with her involvement in a drug offense three months prior, thereby denying Petitioner his Sixth Amendment right of confrontation.[2] *See generally* Dkt. No. 1 at 18-23. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v.*

---

[2] Although the petition lists nine grounds for relief, three of the grounds appear to be duplicative. Specifically, the claim numbered No. 3 in the petition, that the trial court erred in excluding evidence of a statement made by the victim, appears to be duplicative of the claim numbered No. 3 in this Order; the claim numbered No. 4 in the petition, that the trial court erred in excluding expert testimony proffered by the defense, appears to be duplicative of the claim numbered No. 4 in this Order; and the claim in the petition numbered No. 5, that the trial court in excluding evidence that the victim had previously made false accusations of violence against herself, appears to be duplicative of the claim numbered No. 5 in this Order. Accordingly, the Court finds that the petition has only stated six cognizable claims for relief. If Petitioner intended to state additional grounds for relief, he should file an amended petition that more clearly states his grounds for relief, i.e. what statement was excluded that should have been included.

*Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**C.    Request for Appointment of Counsel**

Petitioner has requested appointment of counsel, stating that it is hard for him to understand some of the issues because English is his second language.  Dkt. No. 3.  The Sixth Amendment right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the discretion of the district court.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *See Chaney*, 801 F.2d at 1196.  The Court finds that the interests of justice do not warrant the appointment of counsel at this time.  Despite English being his second language, Petitioner has thus far adequately presented his claims.  Petitioner was represented by counsel on appeal and in his petition for review and appears to be presenting the arguments made in these represented filings.  The Court therefore exercises its discretion and DENIES Petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel if circumstances require.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.    Petitioner's request to proceed *in forma pauperis* is GRANTED.  Dkt. No. 2.

2.    Petitioner's request for appointment of counsel is DENIED.  Dkt. No. 3.

3

3. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

5. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

//

This order terminates Dkt. Nos. 2, 3.

**IT IS SO ORDERED.**

Dated: 6/23/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge